Judgment reversed, and a new trial granted, with costs to appellants to abide event. All concur.

---

NEW YORK BANK NOTE CO. v. HAMILTON BANK NOTE ENGRAVING & PRINTING CO. et al.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

REFEREE — REPORT—EX PARTE HEARING—CHANGING REPORT—PAYMENT OF CHARGES.

Where a referee appointed to take and state an account notified the parties that his report was complete and ready for delivery, naming, as the amount of his charges, a sum about double the legal fee, and showed the report to plaintiff's attorney, who promised to see his client about the fee, and afterwards heard defendant's attorney ex parte, and reduced the amount of his report more than the amount claimed for his fees, and thereupon was paid the full amount of such charge by defendant, such conduct on the part of the referee was so indiscreet as to require the setting aside of the report and the appointment of a new referee.

Appeal from special term, New York county.

Action by the New York Bank Note Company against the Hamilton Bank Note Engraving & Printing Company and others. The record showed that after a reference had, with no stipulation as to the referee's fees, the referee sent a notice to both parties that the report was complete, and that his charges were $1,500; that the attorney for plaintiff saw the report, which was complete in all its details, and showed plaintiff entitled to recover $3,883.98. Plaintiff's attorney told the referee that he would see his client as to the fee, and a few days thereafter wrote the referee that his client would pay no more than the statutory fees, which were about $700. The referee had, prior to such notice, on an ex parte hearing on the part of defendants, reduced the amount of recovery to $1,512.01, and thereupon signed his report as so altered, and received from the attorney for the defendants his fee of $1,500. Motion of plaintiff to set aside the referee's report was denied, and he appeals. Reversed.

See 65 N. Y. Supp. 1; 67 N. Y. Supp. 827.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Edward P. Lyon, for appellant.
Charles F. Brown, for respondents.

PER CURIAM. Although we are of the opinion that the referee had no improper motives or purpose in his action, it is apparent that it was so indiscreet as to require the setting aside of the report and the appointment of a new referee. The order should therefore be reversed, with $10 costs and disbursements, and the action remitted to the court below for the appointment of a new referee.